3:18cv-00008-RRB

RECEIVED
JAN 11 2018
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Page 1

AO 241
(Rev. 06/13)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of Alaska |
|---|---|

| Name (under which you were convicted): Benjamin Davis | Case No.: 3AN-06-10238CR |
|---|---|
| Place of Confinement: Anch Jail Corr Complex East | Prisoner No.: 152106 |

| Petitioner (include the name under which you were convicted) Benjamin Davis | v. | Respondent (authorized person having custody of petitioner) State Alaska, Attorney Caitlan Shoretell Attorney |
|---|---|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Anch Superior Court
   Sentence being challenging

   (b) Criminal docket or case number (if you know): 3AN-06-10238CR

2. (a) Date of the judgment of conviction (if you know): 2008

   (b) Date of sentencing: 2008

3. Length of sentence: 75 yrs

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Kidnapping
   Sexual Assault / threw 6

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Court of Appeals

(b) Docket or case number (if you know): 3AN 06 10238Cr

(c) Result: Affirmed

(d) Date of result (if you know): June 1 2011

(e) Citation to the case (if you know):

(f) Grounds raised:
1 Ineffective asst of Counsel
2 Due Process
3 Brady violation
4 Excessive Sentence
5 Speedy Trial Act violation

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Alaska Supreme Court

(2) Docket or case number (if you know):

(3) Result: Rejected

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised: Ineffective Asst of Counsel
Brady violation, violation right to Appeal
Due Process violation of sat in Pretrial 2½ yrs without
Speedy trial Act ever going to court.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court

(2) Docket or case number (if you know): 3AN-17-04137CI

(3) Date of filing (if you know): June 19, 2017

(4) Nature of the proceeding: PCR — which was denied

(5) Grounds raised:
Ineffective Asst of Counsel
and Due Process Violation
Speedy Trial Act Violation
Time-Barred Charges
Brady Violation

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☑ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☒ No   *Cause its not completed yet.*

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*Because a PCR is still ~~pending~~ in Court denied.*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *Speedy trial Act, Due Process, Brady violation Ineffective Asst of Counsel,*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*William Fred Dewey was my trial lawyer and did not get me to trial until some 3yrs after my Arrest. I only saw him twice in 3yrs my case went threw two (2) Judges 4 DA's, and two (2) lawyers before I went to trial, and at no time did I ever ask for a continuance, or postponement. Caitlen Shortell denied me the right to Appeal to the Alaska Supreme Court after she told She had Appealed to the Supreme Court.*

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)  **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☑ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCR

Name and location of the court where the motion or petition was filed: Superior Court

Docket or case number (if you know): 3AN-17-04137CI

Date of the court's decision: ~~Pending~~ Dec 11, 2017

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

~~Still pending~~

Denied 12/6/17

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
My Appeal lawyer was Ineffective because she did not Appe[al] the Court of Appeals decision to the Alaska Supreme Court after she said that she was going to. She lied to me. I filed a Petition for Review to the Alaska Supreme Court which rejected my petition.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PCR
Name and location of the court where the motion or petition was filed:
Superior Court

Docket or case number (if you know): 3AN-17-04137CI
Date of the court's decision: Denied

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two



**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Sixth Amendment Right to a Fast and Speedy trial. The Defendant sat in Pre-trial for two (2½) years awaiting trial. The DA kept repeatedly continued due to a combination of replacements of Judges, and numerous other continuances, and postponement in which I never consented too. Just added to the Delay of the defendant's right to a speedy trial since the burden lies with the prosecution. See: McNeely v. Banas 336 F.3d 822,2003 U.S. A

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:


Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☒ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: ~~Still pending~~ Denied 12/8/17

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
   No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: None

    (b) At arraignment and plea: None

    (c) At trial: Fred Dewey Public Defender Office

    (d) At sentencing: Fred Dewey

    (e) On appeal: Caitlan Shorotell

    (f) In any post-conviction proceeding:
    Fleur Robert Fairbanks, AK 907 322 5018

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. ☒ TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

My attorney said she filed an Appeal with the Alaska Supreme Court which she never did an I was denied my Right to an Appeal due to Ineffective asst of Counsel. See Barker v Wingo 407 US 514, 530 (1972) US v Gonzales 397 F.2d 1312.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Due Process violation, Time-Barred, Speedy Trial Act See Weakly v Alanas 336 F.3d 822*

Therefore, petitioner asks that the Court grant the following relief: *Imidate Release for unlawful Incarceration*

or any other relief to which petitioner may be entitled. *that the Court see fit to award Monitary damages For mental anguish, stress (23 hr lock down in seg for yrs) which I'm entitle to some Monitary Damages.*

_____
Signature of Attorney (if any)

*Ben Davis*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ~~[scribbled]~~ 1/10/18 (month, date, year).

Executed (signed) on ~~[scribbled]~~ 1/10/18 (date).

_____
Signature of Petitioner

*Ben Davis*

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Benjamin DAVIS
AVCdC
1400 E 4th Ave
Anch, AK 99501

## Certificate of Service

Comes Now the petitioner and hereby gives notice to the court that a writ of Habeas Corpus is being sent to the court.

Certificate of Service were served via U.S. Mail to the Federal Court Dec 21, 2017.

United States, District Court
c/o clerks office
222 W. 7th Ave #4
Anch, AK 99501

Dated at Anchorage Alaska this 2nd day of January ~~December~~ 2018

Benjamin Davis

Ben Davis 1521406
AyEcE
1450 E 4th Ave
Anch., Ak
99501

United States District Court
c/o Clerks Office
222 W 7th Ave #4
Anch, AK 99513

CERTIFIED MAIL

